8    71
10   164

## GUTHEIL v. SCHMIDT.

**1. CONTRACTS—CONSIDERATION.**
A promise of a thing of value is itself valuable when made on a sufficient consideration.

**2. SAME—MUTUAL PROMISE.**
Where one promises to perform a contract and another enters into a like engagement, and they both concern the doing of reciprocal acts, the promises are regarded as mutual, and for the breach the injured party may maintain a suit; but if there is no mutuality, it is otherwise.

**3. SAME.**
G. alleged that, desiring to pay off an incumbrance on his property, he made application to S. for a loan upon specified security of a sum sufficient for that purpose, and that S., with knowledge of the situation and G.'s necessities, agreed to make the loan upon the terms mentioned, but subsequently declined so to do, and that G. was unable to procure the money elsewhere, in consequence of which his property went to sale, whereby he lost his equity therein, of the value of $1,500. He brought this action to recover that sum of S., because of the alleged breach of agreement. *Held*, G. had no cause of action.

*Error to the County Court of Arapahoe County.*

Mr. GEO. A. SMITH, for plaintiff in error.

Messrs. WOLCOTT & VAILE and Mr. WILLIAM W. FIELD, of counsel, for defendant in error.

BISSELL, J., delivered the opinion of the court.

This judgment was rendered on demurrer. A brief statement of the cause of action as the plaintiff conceived it will suffice. In July, 1893, Gutheil was the owner of a couple of lots in Gutheil Gardens, in Arapahoe county, which were incumbered by a trust deed to secure his notes in the sum of $1,050. The notes were past due, and proceedings to foreclose the deed had been started. While they were pending,

he made an application to Schmidt for a loan to pay off that incumbrance, which was likewise to be secured by another deed on the property on the satisfaction of the first. As Gutheil puts it, he made application for a loan of $1,000, for the term of two or three years, which should bear interest at 8 per cent, and be secured by a deed on the lots. He alleges Schmidt agreed to make the loan before the 20th of September following, with knowledge of the situation and of his necessities. Subsequently, and on September 11th, he went for the money, and Schmidt declined to carry out the arrangement or make the loan. It was then averred Gutheil was unable to procure the money elsewhere and his property went to sale, whereby he totally lost his equity. This was valued at $1,500, and in this suit he seeks to recover that sum from Schmidt, because of this alleged breach of the agreement. No consideration was given to Schmidt for the agreement, and the transaction rests for its legality and validity on the request which Gutheil made and Schmidt's promise to loan the money.

The simple question is whether this is an agreement obtained on a sufficient consideration to entitle Gutheil to maintain the suit. It is contended on his behalf that the promises were mutual and each was operative as a consideration for the other, and, on breach by either, the other might maintain his suit. As we view it, the case is not one which permits the application of the tolerably well settled principle that a promise of a thing of value is itself valuable when made on a sufficient consideration. The trouble is that it lacks the mutuality of engagement, which is absolutely essential. Of course, it is always true, where one promises to perform a contract and the other enters into a like engagement, and they both concern the doing of reciprocal acts, like the offer to sell goods and the acceptance and agreement to buy, which involve the payment of the consideration, these promises are regarded as mutual, and for the breach the injured party may maintain a suit. But in the absence of an agreement by one to do a thing which in itself

involves a performance requiring expense or labor, or the parting with a thing of value, the case lacks one of the essential elements of a contract. In the very case cited in support of the appeal, this distinction is well recognized. *Stiles v. McClellan et al.*, 6 Colo. 89.

In the present case, there was no promise of a valuable thing by Schmidt. The promise to loan the money was not based on the promise by the borrower to receive it, nor would the consideration have come to him otherwise than in the shape of interest for the detention of the money which should be received by the borrower. If Gutheil, before the 20th, had not offered to take the money, Schmidt would have been remediless, and certainly could not have maintained an action against Gutheil for the failure to perform. There was a lack of consideration for Gutheil's promises. Schmidt certainly could not have sued and recovered damages for the breach, for there would have been no measure by which those damages could have been ascertained. He could not sue the borrower for the money, because his answer would have been, "I never had it." Neither could he have sued for the interest on the money, for interest is but the damages which the law allows for the detention of money, either at the rate agreed on, or at the rate specified by the statute. Without proof that Gutheil had received his money and detained it, Schmidt certainly could not have recovered interest, because none would have been due. If the suit had been brought immediately on the breach, manifestly Schmidt would not have been damaged. If he had waited until the end of the time nominated for the duration of the loan, he could not have recovered damages for the detention of the money, because Gutheil's complete answer would have been he had neither had it nor used it. On the other hand, according to Gutheil's contention, in case of a breach by Schmidt, he recovers, in a most extraordinary manner, damages clearly beyond any which would have been sustained by Schmidt in case of a breach by the borrower. According to his complaint his property was sold, whereby the debt of $1,000 was

paid.  Should he recover judgment according to his complaint, he would then have recovered the value of his equity of redemption, which he alleges to be $1,500.  On this theory he has paid his debt and recovered more than the principal sum which Schmidt agreed to loan as damages for the breach of the contract.  This absolute inequality in the possible recovery completely demonstrates the want of that mutuality which the law requires in order to permit an action to be maintained on the basis of a promise for a promise.  In all cases of this description to which our attention has been called, it is plain to be seen, while the recovery in each case may be somewhat different, it is always based on substantially the same principle, and the damages which either may recover are, or would have been, substantially coequal, if the situation of the parties had been entirely reversed.  Since the mutuality of obligation does not exist, and the recovery in the one case would so largely exceed the wrong done, and in the other would be so entirely inadequate as a compensation for the breach, it must be adjudged the contract lacks those features which permit the action to be maintained.

The judgment sustaining the demurrer was correct, and it will accordingly be affirmed.

*Affirmed.*