[No. 7141.]

HOAGLAND v. MURRAY.

1. CONTRACT—*Consideration—Mutual Promises*—A contract by which one party agrees to convey to the other described real property within a time specified, and the other, in consideration thereof, agrees to purchase the land, and pay for the same a sum named, expresses a consideration, and imposes mutual obligations.

2. ——*Construction—Dependent Covenants*—In such case the covenant to convey and the covenant to pay are dependent obligations; each is a condition precedent to the other. Neither party is discharged until he has tendered performance on his part, and demanded it of the other. No tender of payment having been made, a tender of conveyance, even after the lapse of the period stipulated, entitles the vendor to specific performance.

*Appeal from Las Animas District Court.*—Hon. HENRY HUNTER, Judge.

Messrs. McGLASHAN & GOW, for appellant.

Mr. P. H. MURRAY, *Pro se,* Messrs. NORTHCUTT & Mc-HENDRIE, for appellee.

The parties to this appeal entered into the following contract:

"This agreement, made and entered into by and between Charles Hoagland, of the county of Las Animas, and state of Colorado, of the first part, and P. H. Murray, of the same place, or the second part, WITNESSETH:

The party of the first part agrees to convey to the party of the second part, within twenty-four months after date, lots one, two, three and four, block nine, Grass and Allen's addition in the city of Trinidad.

And further agrees to not dispose of the said lots to any other person for said period of twenty-four months, without the sanction of the party of the second part.

It is also understood and agreed that the said first party will convey said lots any time within the said period when so requested by the said second party.

In consideration of the above agreement, the said party of the second part agrees to and with the party of the first part, to buy the four lots above described, and·pay the said party of the first part the amount of $1,000.00.

CHARLES HOAGLAND.

P. H. MURRAY."

October 28, 1908, Hoagland commenced an action against Murray, the purpose of which was to enforce the above contract. Both parties appear to treat the action as one for specific performance; that is, an action on the part of plaintiff to recover the agreed purchase price, with interest.

In his complaint, plaintiff alleged, so far as material to notice, that on or about the 19th day of September, 1906, he and the defendant entered into the contract above quoted; that on the ―― day of October, 1908, at defendant's office, in Trinidad, he tendered to defendant a good and sufficient warranty deed to the premises described in the contract, but defendant refused, and has ever since refused, to accept the deed and pay plaintiff the sum of one thousand dollars, due as purchase money for the premises thereby conveyed. Plaintiff prayed for the specific performance of the contract by defendant, and for a decree ordering and directing the defendant to accept the deed, and pay plaintiff the sum of one thousand dollars, with interest from September 14, 1908. To this complaint the defendant filed a general demurrer, which was sustained. Plaintiff elected to stand upon his complaint, where-

upon judgment was rendered that he take nothing by his action, and that defendant go hence without day. From this judgment the plaintiff has appealed.

Mr. JUSTICE GABBERT delivered the opinion of the court.

From the briefs of counsel for the respective parties, the following questions are presented for determination, in testing the sufficiency of the complaint: (1) Does the contract purpose to express a consideration? (2) Is it mutual? (3) Did the failure of plaintiff to tender his deed within the twenty-four months mentioned in the contract defeat his right to maintain his action?

The first two questions can be considered together. A promise is a good consideration for a promise, when they are mutual; that is, reciprocal, and impose upon each of the parties a legal, binding obligation which each can enforce against the other.—*Stiles v. McClellan,* 6 Colo. 89; 9 Cyc. 325.

Thus tested, the contract expresses a consideration, and imposes mutual obligations. Hoagland agreed to sell and Murray to purchase. If Hoagland refused to convey, on tender by Murray of the agreed purchase price, a right of action would accrue in favor of the latter, and if Murray refused to pay the purchase price when tendered a deed by Hoagland conveying the premises, Hoagland would have a right of action against Murray. On behalf of plaintiff it is urged that he is entitled to a specific performance of the contract, for the reason that this remedy is mutual. Counsel for defendant do not controvert this proposition, and we shall, therefore, assume, but without deciding it, that if plaintiff is entitled to maintain any action, he is entitled to maintain one for specific performance.

The important question is whether the failure of plaintiff to tender his deed and demand of defendant a compliance with the contract on or before September 14, 1908, defeats his right to maintain an action. The contract bound defendant to pay the purchase price within twenty-four months from its date. The period thus named expired September 19th, 1908.

The tender of the deed was not made until some time in October, following.

On behalf of the appellee it is urged that an agreement to convey land for a stipulated price within a prescribed time requires the tender of the purchase price on the one hand, or the tender of the conveyance on the other, within the time stipulated, in order to bind the other party. In other words, time becomes the essence of a contract of this character by the very nature of the agreement. For this reason, it is urged that the failure of the plaintiff to tender his deed within the time limited in the contract defeats his action.

Murray had the full twenty-four months in which to purchase. Hoagland bound himself to convey within that period on tender of the purchase price. The promises were mutual, and each was afforded a remedy on default of the other. Plaintiff could not be in default until the purchase price was tendered, and defendant could not be until the time expired within which he had to comply with the obligation he assumed under the contract to purchase. In other words, according to the conditions and terms of the contract, the payment of the purchase money and the making of tender of the conveyance were to occur simultaneously—that is, the covenant to pay and the covenant to deed are dependent obligations, and each is a condition precedent to the others; consequently, they must be regarded as mutual and concurrent acts, and so far as the question of time is concerned, neither party is discharged from complete performance until he has tendered performance on his part, and demanded it of the other. Under such a contract, the rule is settled, as decided in *Byers v. Denver C. R. Co.*, 13 Colo. 552, that "as long as neither party makes any tender of the deed on the one hand, or of payment on the other, neither party is in default, and the contract subsists."—*Van Campen v. Knight*, 63 Barb. (N. Y) 205; 36 Cyc. 730; *Powell v. Dayton, S. & G. R. R. Co.*, 14 Ore. 356.

By the terms of the contract under consideration, neither of the parties could put an end to it without performance, or a valid offer to perform, on his part. Defendant never offered to perform. Plaintiff, when the time arrived which gave him the right to do so, offered to convey, as agreed. By this action he imposed upon the defendant the obligation to discharge his part of the agreement.

Instances may arise where *laches* of the party seeking to enforce such a contract, or other circumstances, might be a good defense against its enforcement; but no such question is involved. We are of the opinion, assuming, as we have, that by the contract the mutual remedy of specific performance is afforded, that the court erred in sustaining the demurrer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*

Mr. Justice Musser and Mr. Justice Hill concur.