Cunningham, Presiding Judge.
Appellant and appellees entered into the following agreement:
“Denver, Aug. 17th, 1909.
“Received of James Hessell the sum of Five Hundred ($500.00) Dollars, being part purchase price on the following described property in Weld County, Colorado, being the entire section known as and numbered thirty-six (36) in township five (5) North of Range sixty-five (65) West of the 6th P. M., less four acres sold for a right of way, and containing 636 acres. Full considera *302 tion to be Nine Thousand Five Hundred Forty ($9,540.00) Dollars, terms as follows: Fifty-four hundred and forty ($5,440.00) Dollars more in cash upon delivery of warranty deed on or before October 17th, 1909, and the balance of thirty-six hundred ($3,600.00) Dollars to be secured by first mortgage on said section thirty-six, due on or before one year with interest at 6 per cent per annum payable at maturity.
“Deferred payments to be secured by note and deed of trust on sqid property.
“Abstract of title to be furnished showing a good merchantable title and a good and sufficient warranty deed to be delivered to the purchaser.
“If said payment of $5,440.00 is not made or tendered on or before said date, viz., October 17th, 1909, then this receipt to be void and of no effect, and both parties released from all obligations herein; and, in that event, the said $500.00 paid on this date is to be forfeited as liquidated damages.
“In case title is found defective and cannot be corrected within a reasonable time, then this deposit of $500 is to be returned and this receipt shall be null and void.
“Taxes for the year 1909, to be paid by present owners.
“James L. Neal,
“William D. Thomas,
Present Owners,”
October 17th, the last day provided for the transfer of the land described in the foregoing agreement, and the payment of the money, fell upon Sunday. On Saturday, October 16th, appellees called at appellant’s office for the purpose of carrying out the conditions provided in the agreement, but appellant was not in. They called again on Monday, and offered to carry out their part of *303 the agreement. The evidence shows clearly that appellant was nnable to raise the money, but asked for an extension of time. This the appellees declined to grant. Thereafter, appellant placed the agreement of record, and this suit was brought by appellees to have the same declared void and their title quieted. Appellant answered, alleging the performance on his part of all the conditions of the agreement, pleading a tender, and alleging his ability and willingness to pay the money which, by the agreement, he was required to pay. But, on the trial his own testimony showed that he was, even then, unable to raise the money, and that on October 29th, when he had made a written, and his only, demand for an abstract, he did not have the money with which to meet his payments under the agreement. Appellant seeks to excuse his failure to comply with the conditions of the agreement requiring the payment of $5,440.00 on October 17th, by the fact that the appellees did not voluntarily, and without any request on his part, tender an abstract showing good, merchantable title, until within a day of the time, or a day after the time, the contract expired, and he insists that no sufficient abstract was ever tendered, and that, therefore, he has never been in default. This, contention is wholly without merit. The evidence shows that appellees, on Monday, October 18th, tendered an abstract certified down to within three days of that time, and produced a patent, which had just been issued, running from the state to themselves, for the land in question. The land was situated in Weld county, and It was not reasonable to expect that an abstract to land situated in another county could be tendered in Denver, where all the parties lived, certified down to the hour at which it was tendered. Moreover, appellant did not, at the time the abstract was produced, base his refusal to' pay the money which the contract required he should pay, upon any defect in the title or the insufficiency of the ab *304 stract, but solely upon his financial inability to meet his payments. His own testimony shows conclusively that the allegations in his complaint that he has, “always been ready and willing, and still is ready and willing to pay the.purchase price mentioned and set forth in said contract,” were false, and it also shows that his attempted defense based on the alleged failure of appellees to tender good title is wholly without merit, and the merest subterfuge.
The agreement is nothing more than an option to purchase. Under it appellees could not require appellant to do anything, and if he failed to pay the $5,440.00 on October 17th, it is specifically provided in the agreement that the receipt is to become void and of no effect, and that both parties should be released from all obligations thereunder, and it was further provided that the $500 paid at the time the receipt .was signed should constitute liquidated damages. Under these circumstances, the judgment of the trial court cancelling the option agreement and quieting title to the land therein described, and in this action involved, in the plaintiffs, was eminently proper, and the same will be affirmed.

Judgment Affirmed.