## No. 9645.

## FLORA v. GLOVER.

Decided October 4, 1920.

Action for specific performance.   Judgment for plaintiff.

*Affirmed.*

1. TENDER—*When not Necessary.*   A formal and technical tender of money is not necessary when the actions of the party to whom it is to be made show that it would not be accepted.

2. EQUITY—*Specific Performance of Contracts.*   Conceding a breach of the contract, a court of equity may grant relief when such relief appears to be in accord with the intent of the parties when the contract was made.

3. CONTRACT—*Breach by ·Failure to Pay on a Day Stipulated.*   Failure to pay on a day stipulated in the contract, is not a fatal breach unless time is of the essence of the contract.

4.      *Time the Essence.*   The intent to make time of the essence of a contract must be clearly and unmistakably shown.

*Error to the District Court of Sedgwick County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in a suit to enforce the specific performance of a contract by which the plaintiff in error covenanted to convey to Glover a tract of land upon the payment of a stipulated sum.   The parties will be designated as in the court below.

It appears from the record that the plaintiff, being desirous of purchasing the property in question, and not at the time having the funds therefor, induced the defendant to make the purchase, on an agreement to convey to the plaintiff when he had paid for it.   The contract in suit was the result of that transaction.

The contract provided that final payment should be made November 1, 1918, and that in case of a failure of the vendee to make such payment, the vendor might, at his option, forfeit said contract. Payment was not made on the day stipulated. Some two weeks later the defendant mailed to the plaintiff a letter declaring the contract forfeited, and demanding possession of the property, and payment of rent for the time the same had been occupied by the plaintiff. It does not appear that plaintiff received said letter. Immediately thereafter, the plaintiff called on defendant and told him that he had the money, and desired to make final payment on the property. Defendant replied that he would not accept the money, he having forfeited the contract, as provided by its terms.

The trial court found that time was not of the essence of the contract, and entered judgment in favor of the plaintiff. The case is now before us on error.

Counsel for defendant urge that in the absence of a valid tender of the amount due, the plaintiff cannot recover. It appears, however, that the action of the defendant, when approached on this subject by the plaintiff, was such as to make a formal and technical tender of the money unnecessary.

It is further urged that the court, in granting specific performance after breach of the contract and the forfeiture declared, in effect makes a new contract for the parties. Such is not the case. The principle upon which courts of equity direct specific performance of contracts which have not been fulfilled according to their strict terms, is that, conceding a breach of the contract, a court of equity may grant relief, when such relief appears to be in accord with the intent of the parties when the contract was made.

The breach in this case is in failure to pay on the day stipulated. This breach is not fatal to the plaintiff's rights unless time is of the essence of the contract. There is no stipulation to that effect, and the circumstances surrounding the making of the contract, as shown in evidence, do not suggest that the time of payment was considered material

by the parties. That being so, it will not be considered material in a case of this kind. In *Byers v. Denver C. R. Co.,* 13 Colo. at page 556, (22 Pac. 953) this court said:

"It is a well settled rule in equity that time is not of the essence of the contract to convey lands, unless made so by direct contract of the parties or necessary implication."

In *Hoagland v. Murray,* 53 Colo. 50, 123 Pac. 664, this court quoted with approval the case above cited. This is the general rule:

"The intent to make time of the essence must be clearly and unmistakably shown. An intention to make time essential cannot be inferred from the mere appointment of a day for the delivery of a deed, or the payment of the price." 36 Cyc. 713.

The trial court did not err in holding that the plaintiff had a right to a specific performance of the contract upon the part of the defendant, on the payment of the balance of the purchase price. The judgment is therefore affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Burke concur.