No. 21427.

R. A. NEWHOUSER, D/B/A WHEAT RIDGE REALTY CO. *v.*
MARION SANCETTA.
(402 P.2d 613)

Decided June 1, 1965.

354

HOLLEY and BOATRIGHT, MICHAEL C. VILLANO, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THE plaintiff in error, R. A. Newhouser, doing business as the Wheat Ridge Realty Co., was the plaintiff in the trial court, and the defendant in error, Marion Sancetta, was the defendant. Newhouser brings writ of error from the trial court's dismissal of the action at the close of his evidence.

The undisputed evidence showed that on May 31, 1962, the defendant, Sancetta, signed a "receipt and option" contract to purchase residence property located in Golden, Colorado. At that time, Sancetta gave a $1000 check as a down payment.

The contract provided, in part, that:

"* * * if any payment or other condition hereof is not made, tendered or performed by purchaser as herein provided, then this contract shall be void and of no effect, and both parties hereto released from all obliga-

tions hereunder, and all payments made hereon shall be retained by the undersigned agent as liquidated damages. * * *"

The contract also provided that an abstract of title or title insurance would be furnished to Sancetta by the seller on or before June 5, 1962, and that closing would take place on or before June 10, 1962.

The parties set June 6 as the closing date. On June 5, Newhouser was notified by Sancetta's bank that Sancetta's account did not contain sufficient funds to pay the $1000 check. Newhouser called Sancetta to advise him of this, and Sancetta stated that he would bring a certified check to the closing on June 6. However, he failed to appear at the appointed time and place of the closing.

On the evening of June 6, Sancetta promised to have the funds and to close the transaction at noon the next day, June 7. Again, he failed to appear. That night, Newhouser, Sancetta and the owners of the property all met at an attorney's office. Sancetta informed them that he would not be able to complete the purchase because he could not raise the money. Sancetta had, however, actually occupied the house for several days and then moved.

This action was commenced to recover the $1000 which Sancetta had obligated himself to pay and which, under the contract, was to be retained as liquidated damages in the event of default by Sancetta. At the trial the only material conflict in the evidence concerned the title insurance. Newhouser testified that he received the title insurance commitment from Title Guaranty Co. on June 5. When he called Sancetta about the check on that day, he told Sancetta that the commitment had been issued. He testified that when he assured Sancetta that the record showed only a first mortgage, Sancetta was satisfied and did not request him to bring the title policy to the closing. Sancetta, on the other hand, testified only that he did not recall

any conversations with Newhouser about the title insurance.

At the close of the plaintiff's case, the trial court, on its own motion, dismissed the action, ruling that the plaintiff's case was insufficient as a matter of law. It gave two reasons for its action: (1) the plaintiff failed to show he had performed the condition precedent of delivering an abstract or insurance policy to Sancetta, and (2) there was no "meeting of the minds, because of the fact that the purchaser didn't have the funds in which to purchase this property." The trial court erred in both respects.

■ It is elementary that, when reviewing a dismissal, the evidence must be viewed in the light most favorable to the party against whom it was entered. *Union Pacific Railroad Co. v. Shupe,* 131 Colo. 271, 280 P.2d 1115. However, the facts of this case would require reversal even if we were not bound by that rule. The testimony of both Sancetta and Newhouser established that the reason for Sancetta's failure to perform the contract was his inability to pay, rather than Newhouser's failure to deliver an abstract or title insurance. There is absolutely no evidence in this record that Sancetta refused to go through with the deal because a title policy was not issued to him. On the contrary, the evidence clearly shows that Newhouser had a title commitment and could have delivered it if Sancetta was prepared to consummate the transaction.

■ It is well established that if a purchaser, on the arrival of the time for the purchase, cannot perform because of his inability to pay, and makes no request for an abstract or title insurance, he may not thereafter attempt to excuse his default by the failure of the seller to present an abstract or title insurance. *Hessell v. Neal,* 25 Colo. App. 300, 137 Pac. 72; *Igo Co. v. Parks,* 252 Minn. 158, 89 N.W.2d 625. Sancetta's defense of failure to furnish a title policy was here, as in *Hessell, supra,* merely a subterfuge. The trial court erred in holding

as a matter of law at the close of the plaintiff's case that Sancetta was not liable under the contract because Newhouser had not delivered the title insurance.

 The trial court's second reason for the dismissal also constituted erroneous reasoning. The evidence clearly showed that Sancetta and the owners of the property had agreed upon the terms of, and entered into, a valid contract. Obviously, Sancetta cannot be relieved from the provisions of the contract simply because he was unable to perform his obligation due to financial incapacity.

The judgment is reversed and the cause remanded with directions to grant the plaintiff a new trial in accordance with the views herein expressed.

MR. JUSTICE SUTTON not participating.