## STILES *v.* McCLELLAN *et al.*

*(Supreme Court of Colorado, December Term, 1881—Error to the District Court of Arapahoe County.)*

1.  CONTRACT—CONSIDERATION—PROMISE.   The second paragraph of a complaint is as follows: "Plaintiff further alleges that before he made said purchase (of a ranch from a third party) he had the positive promise of the defendants that the said ranch should be made, and so long as they continued to operate said line of stage coaches, should remain the eating station for all passengers, both for breakfast and dinner, carried by said defendants; that the plaintiff was induced by these promises to make the purchase of the ranch, and to expend a large sum of money, not less than $1,000, in improving, furnishing and supplying said ranch for the purposes aforesaid, and that but for these promises of the defendants he never would have made the purchase or the aforesaid expenditures," and alleges withdrawal of the patronage of the passengers carried by defendants as a

breach—laying damages at $2,000. *Held:* Bad on demurrer, as stating no cause of action. The facts stated do not come within the rule that a promise is a good consideration for a promise—there being no mutuality of engagement. Unless each party may have an action on a promise or agreement, neither is bound.

BECK, J. The plaintiff in error, who was plaintiff below, alleged in his complaint that on the 1st day of May, 1879, he purchased the Davidson ranch, Park county, for $2,500, and prior to October 1 paid thereon $1,200; during that time defendants were proprietors of and running a coach line from the end of the track of the Denver, South Park & Pacific Railroad to Leadville, carrying many passengers; that said ranch was situated on said line, and was conveniently located for an eating station.

The second paragraph of the complaint is as follows: "Plaintiff further alleges that before he made said purchase he had the positive promise of the defendants that the said ranch should be made, and so long as they continued to operate said line of stage coaches should remain, the eating station for all passengers, both for breakfast and dinner, carried by said defendants; that the plaintiff was induced by these promises to make the purchase of said ranch, and to expend a large sum of money, not less than one thousand dollars, in improving, furnishing and supplying said ranch for the purposes aforesaid; and that but for these promises of the defendants he never would have made the purchase, or the aforesaid expenditures."

The breach stated is, that although defendants continued to own and operate said stage line up to the 1st day of October, they withdrew the patronage of the passengers from his ranch, part of it on the 1st day of June, and the balance thereof on the 15th day of August, 1879; that the ranch was only valuable for said patronage, and so long as it lasted the plaintiff had realized great profits, which would have continued until the 1st day of October, but that in consequence of its withdrawal plaintiff was required to sell, and did sell, the ranch for half the sum he had paid for it, and lost the profits guaranteed to him by the defendants as aforesaid. Damages are laid at the sum of $2,000.

A demurrer was sustained to this complaint, and the plaintiff electing to abide by his demurrer, final judgment was rendered for the defendants.

We think the demurrer was properly sustained.

The transaction stated does not contain the essential elements of a binding engagement within the purview of the authorities cited in its support.

The rule of law cited and relied upon, that a promise is a good consideration for a promise, does not apply to the facts stated. Besides, there is an important qualification to that rule, which is, that there must be an absolute mutuality of engagement, so that each party may have an action on it, or neither will be bound.

The complaint states no consideration for the promise of the defendants, nor does it state a case of mutual or reciprocal promises made by the parties, one to the other. The plaintiff says he had the positive promise of the defendants, but don't even aver that he accepted their promise. It is not stated when the promise was made, how it was made, to whom it was made, nor within what time after it was made that he acted upon it.

The complaint does not state that defendants were in any manner interested in the sale of the ranch, or that their promise to make it an eating station was conditioned upon the plaintiff's purchase. For anything that appears it may have been the determination of the defendants to make the ranch an eating station whether purchased by the plaintiff or not.

It would not be pretended that there is anything in the supposed agreement binding as against the plaintiff.

In short, there is no contract stated.

Even the charitable rule of Code construction, which covers a multitude of faults in pleading, viz: "That the allegations of a pleading shall be liberally construed, with a view to substantial justice between parties," is not broad enough to cover the infirmities of this complaint.

The defects do not consist in the manner and form of alleging the facts, but in the absence of substantial facts to constitute a cause of action.

The judgment must be affirmed.      *Judgment affirmed.*

*Browne & Putnam,* for plaintiff in error.

*B. M. Hughes* and *T. D. W. Yonley,* for defendants in error.