No. 9441.

KOEN v. FORT BENT DITCH COMPANY.

1. IRRIGATION—Head Gates. Under Rev. Stat. sec. 3256 the superintendent of an irrigation ditch is authorized to control the head gates to the laterals therefrom. A decree enjoining interference with him in the exercise of this authority affirmed.

2. ADJUDICATION DECREE—*Subsequent Power of the Court.* The court in which a general adjudication decree is entered, has authority to afterwards interpret that decree, and provide for its enforcement.

3. IRRIGATION—*Assessment for Maintenance—Decree Construed.* A decree declaring that at the time of the entry thereof a sum named is a reasonable assessment for maintenance, upon parties named, is not of perpetual controlling effect, where there is nothing in the relation of the parties according such effect to it. Upon cause shown therefor a greater assessment may be subsequently ordered.

*Error to Prowers District Court, Hon. A. Watson McHendrie, Judge.*

*En .banc.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiffs in error.

Mr. C. C. GOODALE, Messrs. DAWSON & WRIGHT, for defendant in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error, a mutual ditch company,—owns a ditch through which water is furnished to the plaintiffs in error for the irrigation of their lands. The ditch company brought suit against the plaintiffs in error to settle a controversy concerning control of the headgates to the laterals through which water was supplied to their lands, and to have determined definitely the quantity of water which defendants were entitled to receive.

The undisputed facts are that one of the defendants had judgment, in the year 1896, against one McLure, who then owned said ditch as successor in interest to the Kansas and Colorado Canal Company, by which judgment he was adjudged to be the owner of a right to sufficient water to irrigate a quarter section of land described in the decree, such right having been adjudicated to him, as a part of a priority of 27.77 cubic feet per second of time, by a general

adjudication decree entered in the year 1895. The McLure suit was begun before the adjudication decree was entered.

The judgment perpetually enjoined McLure, his agents, etc., from in any way interfering with the full flow of water from the canal upon the lands of said Koen, "or in the application of such water to beneficial purposes and uses upon the said lands, except only so far as is necessary to regulate the flow of water in the lateral or laterals leading to the said lands in the distribution and pro-rating of water in the Colorado and Kansas canal among the various consumers of water therefrom holding or owning right to the use of water therefrom, at the time of the institution of this action, to-wit, May 4, 1895."

In this case the court found that defendant was entitled to 2.88 cubic feet of water per second of time, it having been conceded that the award of 27.77 cubic feet to the ditch was based upon a finding that the need of each eighty acre tract was for 1.44 cubic feet per second of time.

Judgment was rendered accordingly, and the ditch company was adjudged entitled to the control of the water in the ditch for its orderly distribution, the defendants being enjoined from interfering with such control.

Numerous errors are assigned, most of which, in the view we take of the case, need not be considered. The principal contention of plaintiffs in error are stated as follows: That the plaintiff has neither plead nor proved a right in itself injured or to be injured by any act of the defendants; that the complaint does not state a cause of action; that the suit is a collateral attack on the McLure judgment; that the finding and decree are not supported by the evidence; that the decree operates to reverse the decision of this court in the McLure case, and is contrary to the law of the case as established by that decision; (the judgment in the McLure case was affirmed by this court at 25 Colo. 284) ; that the court below had no jurisdiction to enter the decree and that the statement of the trial court that the only issue to be determined was as to whether or not the

right of the defendants should and could be limited to 2.88 cubic feet of water per second of time, and the decree made upon other issues deprives the defendants of their property and rights without due process of law, contrary to the provisions of section 25, Article II of the Constitution of the state of Colorado and contrary to the fourteenth amendment to the Constitution of the United States.

It is insisted that this decree takes from the defendants their preferential property rights in the decree for 27.77 cubic feet of water and makes them subject to the whim and caprice of the superintendent or other officers of the plaintiff corporation. We do not think the decree is open to that objection. This court has many times held that every decree for a water right must be read with the understood provision, that only so much water may be used as is reasonably necessary, and that every owner of a portion of an adjudged priority holds his right subject to the rights of the other holders.

The record shows that counsel agreed that the adjudication decree was based upon the finding that each eighty required 1.44 cubic feet of water for its irrigation. And counsel further admitted that that quantity was proper to be named if the quantity should be definitely fixed at all.

Section 3256 R. S. 1908 requires the owner of irrigation ditches "to appoint a superintendent whose duty it shall be to measure the water from such canal or ditch through the outlets to those entitled thereto, according to his or her *pro rata* share." The decree gives the ditch company no rights to which it was not already entitled by law.

Manifestly, a ditch superintendent cannot perform the duty above named if the consumers are permitted to control the headgate to their laterals.

The complaint alleges that a distribution of the water was interfered with by the defendants opening the headgate to their laterals and taking water more than was necessary for their land, and that by so doing they de-

prived others equally entitled to the water of the use thereof.

We find no basis for the contention that this decree deprived the defendants of any part of their interest in Priority No. 6 for the 27.77 cubic feet. The complaint sets up that the defendants are part owners of that priority, and nowhere in the record do we find an intimation that the ditch company denies that the owners of said Priority No. 6 have rights to water superior to the later priorities adjudged to the ditch. The decree must be read in the light of the issues made and determined. So read, it leaves these defendants, as far as their right to water is concerned, in the same position as they were at the beginning of the action. The purpose of the suit was to secure to the plaintiff company relief from the meddling by defendants with the headgates and the prevention of any undue and unnecessary use of water by them.

The decree takes away no rights from the defendants and grants no new right to the plaintiff. It is not, therefore, open to the objection named.

No ground is shown for the attack upon the jurisdiction of the court. It is the court in which the original adjudication decree was entered, and there can be no doubt of its right to interpret its own decree, and to provide for its enforcement. That is all that was done in this case. It is not an attack on the McLure decree; it interprets, not reverses it, and provides for its enforcement. Nor is it unsupported by evidence. The only fact involved and upon which the decree may be said to be based is as to the duty of water, and that was agreed upon by the parties on the trial. The constitutional question raised is not argued, and hence need not be considered.

Cross errors are assigned on the sustaining of demurrers to five separate causes of action. They cover demands for annual assessments during the five years preceding the bringing of the action.

It appears that up to 1911 this ditch had changed owner-

ship several times; that in 1911 a mutual ditch company was formed, which, in the same year, was consolidated with another mutual company, thus forming the present company, which succeeded to all the rights of the old company. The McLure decree contained the following provision:

"Provided, further, however, that the rights of the plaintiff or those claiming under him to the use of the water aforesaid shall at all times in the future be subject to the payment by him or them to the defendant Charles D. McLure, or his representatives or assigns, of such annual assessments for maintenance of the canal which may be imposed upon consumers of water from the said canal, whose rights thereto accrued prior to the acquisition of any title to the said canal by the said defendant McLure, which said assessment is limited, as appears by the testimony offered for the defense herein and is found and decreed by the court, to a sum not exceeding twenty-four dollars per annum for each one hundred and sixty acres of land."

The plaintiff in this suit, sought by the several causes of action dismissed by the court, to recover a greater sum than the $24 per year named in the McLure decree. The defendants contend that that decree fixed their obligation to McLure as to the annual assessments, and that all claiming under him are bound by the decree. We do not think that this contention is well founded. It appears that evidence was taken in the McLure case as to the proper amount to be charged for the use of the canal, and the finding was that $24 a year was sufficient. It will be observed that the decree itself recites that the assessment is limited "as appears by the testimony offered for the defense herein, etc." The finding then was that $24 was, at that time, a reasonable assessment. There is nothing in the relation of the parties which should make a judgment upon that finding perpetually controlling as to the amount of the assessment. The purpose of the finding was to make a just charge as between the parties. It would manifestly be unjust to the other consumers taking water from the ditch thus to relieve

one consumer of the obligation to pay his proportion of the cost of maintaining and operating the ditch.

We are of the opinion, therefore, that the court erred in sustaining the demurrers to the five separate causes of action and in dismissing the same.

The judgment is accordingly affirmed as to so much of it as fixes the quantity of water to be delivered to plaintiff in error and as to the injunction against him, and is reversed as to the dismissal of the five separate causes of action. The cause is remanded for further proceedings in harmony with the views herein expressed.

Affirmed in part.

Reversed in part.

Decision *en banc.*