No. 18,629.

JOSEPH B. GOULD v. RITE-WAY OIL AND INVESTMENT CO., ET AL.
(351 P. [2d] 849)

Decided May 9, 1960.

Mr. ANTHONY F. ZARLENGO, Mr. H. D. REED, Mr. ROBERT P. LIPTON, for plaintiff in error.

Mr. WILLIAM G. SUMMERS, JR., Mr. S. ROBERT HOUTCHENS, for defendants in error.

*In Department.*

PER CURIAM.

THIS is an action for specific performance of a contract, or in the alternative, for damages in the amount of $191,000, brought by Joseph B. Gould, as plaintiff, against defendants.

The instrument upon which the action is based, omitting legal descriptions, is as follows:

"AGREEMENT

"This agreement, dated April 6, 1957, as follows: The Rite-Way Oil and Investment Company, and W. J. Kaveny and A. J. Kaveny, Jr., hereinafter known as the sellers, agree to sell to Joseph B. Gould, or his nominees, hereinafter known as the buyer, their working interests consisting of the following:

"20/64ths of 80% of four wells located on 280 acres known as the Schneider "B" lease, further known as the Hackaberry Field, more particularly described (legal description follows) and

"5/64ths of 77½% of four wells located on 160 acres known as the Johnson "A" lease or as the Olsen Field, more properly described as: (legal description follows)."

"On both the aforementioned leases the Banner Oil Company is the operator under an operating agreement.

"The selling price of these interests is $80,000.00, free and clear of any incumbrances. The sellers retain for themselves an oil payment of $80,000.00, upon which they will receive payment out of fifty percent of the oil and/or gas produced and saved from these interests, but such payment shall not commence until the buyer shall have received $80,000.00 net after deduction of operating expenses out of the total oil and/or gas produced and saved under these interests. Date of transfer of all income and expense shall be as of April 1, 1957.

"The sellers agree to allow the buyer a finder's fee of $8,000.00.

"The sellers hereby acknowledge receipt of Check No. A454 in the amount of $1,000.00 as a deposit.

"The balance shall be paid to the sellers by the buyer upon delivery by the sellers to the buyer of a free and clear marketable title acceptable to the buyer and a copy of the operating agreement acceptable to the buyer."

The foregoing instrument is signed and acknowledged by all of the parties named therein, and is attached to, and by reference made a part of, the amended complaint.

To this amended complaint, defendants filed several motions, including one to dismiss for failure to state a claim upon which relief could be granted. We are not concerned with the other motions since final determination of the cause was made by the trial court on the motion to dismiss. The others remain unresolved. Following a hearing, the motion to dismiss was granted "on the ground of no mutuality and there being no agreement to pay the purchase price." Judgment of dismissal followed, and the plaintiff is here by writ of error seeking reversal.

The question presented for our determination is:

What is meant by "mutuality of obligation,"—a phrase so often used in the determination of the validity of contracts?

■ The conclusion of the trial court is obviously based upon the opinion that the words "clear and marketable title *acceptable* to the buyer" destroyed the mutuality of the contract, placing the buyer in the position of refusing to go forward on the ground that the title tendered, however clear and merchantable in law, was not "acceptable." But this word in the contract, if it means anything, means that the title tendered need conform only to that standard which the law would regard as clear and merchantable; and upon the tender of such title the plaintiff would be bound to perform or answer to the defendants in damages. *Diettrich v. J. J. Newberry Co.,* 172 Wash. 18, 19 P. (2d) 115; *Commercial Credit Co. v. Insular Motor Corp.,* 17 Fed. (2d) 896.

In 12 Am. Jur. 510, Sec. 13, it is said:

"If by 'mutuality of obligation' is meant, as some Courts have suggested, that there must be an undertaking on one side, and a consideration on the other, the necessity for its existence cannot be questioned. But if, as other Courts have said, mutuality of obligation means that a contract must be binding on both parties so that an action may be maintained by each against the other, the statement that mutuality of obligation is essential to every contract is too broad."

This was adopted by Colorado in the early case of *Stiles v. McClellan, et al.,* 6 Colo. 89, where it is said:

"There is an important qualification (to the rule that a promise is a good consideration for a promise) which is, that there must be an absolute mutuality of engagement so that each party may have an action on it, or neither will be bound."

To the same effect are *Robinson Consolidated Min. Co. v. Johnson,* 13 Colo. 258, 22 Pac. 460; *Hoaglund v. Mur-*

*ray,* 53 Colo. 50, 123 Pac. 665; *Rhodes v. Haber-Stitch,* 137 Colo. 443, 326 P. (2d) 660.

 Applying the tests established by the above cases to the sufficiency of the contract before us, does it lack mutuality? By its terms, the sellers (defendants in error here) agree to sell to Gould, "working interests" in designated oil and/or gas wells, for a specific consideration of $80,000; the manner of payment and allowance of credits are clearly provided; the sellers acknowledge receipt of $1,000 "as a deposit" and that the balance is "to be paid to the sellers by the buyer upon delivery by the sellers to the buyer of a free and clear marketable title acceptable to the buyer and a copy of the operating agreement acceptable to the buyer." These provisions denote a binding obligation on the part of the buyer to pay the balance upon performance by the sellers of their contractual covenants, and thus place the sellers in position to maintain an action against the buyer if he should fail to meet his remaining obligation, and a like obligation on the part of the sellers to convey upon tender or payment of the balance of the purchase price. This places the contract here in question squarely within the rule of *Stiles v. McClellan,* supra, and the other authorities cited. The finding of the trial court, as the basis of its final ruling, that there was no agreement to pay the purchase was erroneous.

Although the point was not considered by the trial court, defendants contend here that the contract is void on its face as violating the rule against perpetuities. If the contract here was no more than an option having the effect of creating future interests depending on the contingency of the exercise of the option, such argument might have merit. 41 Am. Jur. p. 84, Sec. 41. But no option is here involved.

"A contract of agency for the sale of land (sic, interests in land) in which no time limit is fixed for performance of the contract will be construed as one granting a reasonable time only in which to effect a sale of

the property, and does not violate the rule against perpetuities." 41 Am. Jur. p. 78, Sec. 35.

■ Where a contract, such as that before us, does not fix the time of performance, the law presumes that it is to be performed within a reasonable time. What is a reasonable time depends upon the particular facts and circumstances of each case.

*Boggs v. McMickle,* 120 Colo. 53, 206 P. (2d) 824; *Geiger v. Kiser,* 47 Colo. 297, 107 Pac. 287; *Larimer, Trustee v. Salida Corp.,* 112 Colo. 598, 153 P. (2d) 998.

The judgment is reversed and the cause remanded with directions to vacate the judgment of dismissal, reinstate the amended complaint and conduct further proceedings consistent with this opinion.

MR. JUSTICE MOORE, MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.