No. 19,675.

THE ROCKY MOUNTAIN FUEL COMPANY *v.*
WILLIAM C. HEFLIN, ET AL.
(366 P. [2d] 577)

Decided November 20, 1961.   Rehearing denied December 11, 1961.

Messrs. Zarlengo, Zarlengo & Seavy, Mr. V. G. Seavy, Jr., for plaintiff in error.

Mr. Kenneth E. Barnhill, Jr., Mr. Harry M. Williams, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error will be referred to as the Fuel Company, and defendants in error as plaintiffs, as they appeared in the trial court.

Plaintiffs filed their complaint under Rule 105 R.C.P. Colo., alleging ownership and possession of the surface of their respective lands therein described, and named the Fuel Company among others as defendants because of some claim of right, title, or interest therein adverse to plaintiffs.

The Fuel Company is here by writ of error, seeking to reverse a judgment and decree quieting plaintiffs' title to the surface only of the lands and holding the Fuel Company to have no right, title or interest therein.

The Fuel Company filed its answer and counterclaim alleging, among other things, that certain reservations were contained in a deed to plaintiffs' predecessors in title and that the Fuel Company had reserved rights in the surface of the land in question. There is no dispute as to the presence of these reservations in the deed to plaintiffs' predecessors in title. The only question presented is the validity of the reservations.

The deed involved was executed by Wilbur Newton, the Trustee of "The Rocky Mountain Fuel Company, a Wyoming Corporation" in a reorganization proceeding in the United States District Court for the District of Colorado. The Trustee by court order had become vested with all the property and title thereto of the Wyoming corporation. The United States Court subsequently approved a plan of reorganization providing for the formation of a new corporation to be known as "The Rocky Mountain Fuel Company, a Delaware Corporation," in which was vested the undisposed of property of the former Wyoming corporation.

As part of the reorganization proceedings in the United States District Court, and in compliance with the orders and approval of that court, the Trustee made and executed the deed to the predecessors in title of the plaintiffs. This deed contains the reservations in dispute here, and, because the trial court held that certain of them were in violation of the "Rule Against Perpetuities" and therefore void, it is necessary to quote the pertinent paragraphs in full for an understanding and determination of the correctness of the judgment.

Following that part of the deed conveying the subject land and following a recital of certain exceptions including existing rights of way for railroads, public roads, ditches, reservoirs, power lines, telephone lines, etc.,

situate on said lands, and except also the surface of certain lands sold for Marshall Lake and Dam, the deed then recites:

" 'Said surface rights to be sold subject to right of ingress and egress; also subject to all existing rights-of-way; the Trustee reserves for himself and the Debtor all mineral rights, including, but not limited to, fire-clay, coal, oil and gas. The Trustee reserves for himself and the Debtor the *right to re-purchase any portion of said surface* for rights-of-way for railroads, pipe lines, reservoirs, power lines, construction of tipple, or for any other purpose that is necessary in carrying on existing mining operations or in carrying on future mining operations. In addition to the right of the Trustee on behalf of himself and the Debtor to re-purchase any portion of the surface necessary to carry on present or future mining operations, the Trustee on behalf of himself and the Debtor also reserves *the right to re-purchase* not to exceed thirty (30) acres of the above-described land for housing facilities, in carrying on mining operations. The Trustee on behalf of the Debtor agrees to pay the purchasers the agreed sum of Twenty-five Dollars ($25.00) per acre for all land so re-purchased by it. The Trustee reserves for himself and the Debtor the right to select the lands to be re-purchased at the time or times of making such re-purchase. Trustee on behalf of the Debtor further agrees to fence the camp and plant and put in, at its own expense, proper cattle guards at the entrances. Neither the Trustee nor the Debtor is to be liable to purchasers, or their heirs or assigns, for any damage which might be caused by subsidence of the surface as a result of any mining operations conducted by Trustee, Debtor, or their successors. All of such damages are hereby expressly waived and relinquished by the purchasers as part of the consideration for this purchase.'

"The above surface lands are sold subject to the further reservation that the said Trustee, on behalf of him-

self and the Debtor, shall have the right to prospect for oil and gas and to carry on all necessary operations for the production of oil and gas, and the rights reserved for mining purposes above shall be construed to include operations for the development and production of oil and gas." (Emphasis supplied.)

The word "Debtor" refers to the Wyoming corporation whose property rights defendant Fuel Company now owns.

At the trial the parties stipulated to most of the facts. There was testimony concerning the marketability of the subject lands in view of these reservations in the deed for the purpose of establishing that the reservations constituted an unreasonable restraint upon alienation and were therefore void. Defendant objected to this testimony and the court sustained the objection, deciding the issues solely on the basis of the Rule Against Perpetuities.

In the judgment and decree, the trial court found that the plaintiffs were the owners of the surface with mineral rights reserved to the fuel company, but also found: "* * * that these rights to re-purchase are void, invalid and inoperative as being in violation of the common law rule against perpetuities, and therefore that nothing in the nature of a right or option to re-purchase any of said lands was retained by the said Wilbur Newton, Trustee, grantor in said instrument and no right of any such nature or description passed to the Rocky Mountain Fuel Company, a Delaware Corporation, by conveyance nor by operation of law in said reorganization proceedings; that no defendant herein has any title or interest in or to the property described herein;"

The Fuel Company objects to the quoted findings and urges here:

1. That the trial court erred in voiding reservations in a deed because they were pursuant to order of the United States District Court, and further that plaintiffs

should seek remedy in the United States Court and not in the State Court.

2. In the alternative, if we determine that the trial court had jurisdiction to try the issue of validity of the reservations, then the court erred in holding that the right, unlimited in time, of an owner of the mineral estate to purchase such portions of the over-lying surface estate upon payment of a specified price and only when necessary to carry on existing or future mining operations was in the nature of a naked option violative of the common law rule against perpetuities.

As to the Fuel Company's first objection, it is set out in the motion for new trial:

"That the court erred in exercising any jurisdiction vested in it in the premises by way of granting to plaintiffs any relief sought, for the reason that any relief to which plaintiffs, or any of them, are entitled should and could only be sought in and from the appropriate court of the United States wherein the reorganization proceedings were pending, approved, and affirmed."

The Fuel Company argues that the trial court's decree was a collateral attack upon the United States District Court's order. With this contention we do not agree. The order of the United States District Court was one confirming and approving the sale of the trust property, an acceptance of the consideration paid and an order implementing the completion of the transfer. The United States Court at that time had before it a question of liquidation of assets, payment of creditors and reorganization, not issues of the rule against perpetuities and the Colorado law of future interests. See *Hildebrand v. Harrison* (Okla.) 288 P. (2d) 399. This action involves an interpretation of certain reservations in the Trustee's deed and does not involve an attack on a decree of the United States District Court. *St. Louis, K. C. and C. Ry. Co. v. Wabash Ry.*, 217 U. S. 247, see *Koen v. Fort Bent Ditch Co.*, 67 Colo. 34, 185 Pac. 653; see also *Quintrall v. Goldsmith*, 134 Colo. 410, 306 P. (2d) 246.

The other question to be determined:

*Did the court err in holding that the right unlimited in time, of an owner of the mineral estate to purchase such portions of the overlying surface estate upon payment of a specified price and only when necessary to carry on existing or future mining operation was in the nature of a naked option in violation of the common law rule against perpetuities?*

This is answered in the negative.

■ The Fuel Company is admittedly the owner of mineral rights including but not limited to, fire-clay, coal, oil and gas, and by deed and general law has the right of ingress and egress and all existing rights-of-way and the right to prospect for and carry on all necessary operations for the production of oil and gas. The trial court held only that the reservations, invalid and violative of the rule against perpetuities, were those providing for the *right to repurchase* any portion of the surface for rights-of-way for railroads, pipelines, reservoirs, power lines, construction of tipple, or for any other purpose necessary in carrying on existing or future mining operations and the right to repurchase not more than thirty acres of the land for housing facilities in carrying on mining operations at the agreed price of $25.00 per acre so repurchased, with the further right to select the particular acreage to be repurchased.

The common law rule against perpetuities is recognized in Colorado. *Barry v. Newton,* 130 Colo. 106; 273 P. (2d) 735. It is a rule which invalidates interests limited to vest upon events not certain to occur within 21 years of some life in being at the creation of the interest. King, Future Interests in Colorado, 90. An option to purchase real estate is within the rule. *London & Southwestern Railway v. Gomm,* 20 Ch. Div. 562. See *Gould v. Rite-Way Oil and Investment Co.,* 143 Colo. 65, 351 P. (2d) 849.

The question presented is: When an option to pur-

chase is coupled with an interest in the minerals under the surface, should the rule be different?

The owner of a mineral estate has rights of ingress, egress, exploration, and surface usage as are reasonably necessary to the successful exploitation of his interest. *Jilek, et al v. Chicago, Wilmington & Franklin Coal Co.,* 382 Ill. 241, 47 N.E. (2d) 96; *Miller v. Ridgley,* 2 Ill. (2d) 223, 117 N.E. (2d) 759. These rights were recognized by the trial court in its decree. However, such an owner has no right to destroy the surface. *Barker v. Mintz,* 73 Colo. 262, 215 Pac. 534.

██ The right of a grantor, unlimited in time, to purchase the surface at a stated price per acre, where the grantor reserves the ownership of a mineral interest, was held to be an option violative of the rule against perpetuities in *Barton v. Thaw,* 246 Pa. 348, 92 A. 312. Though the purposes for which the purchase was reserved were not therein limited to those of exploitation of the mineral estate, the reasoning there is applicable to the case at bar. The right to repurchase any 30 acres in the reservation is a right to reacquire the complete estate or fee in all the acreage which the Fuel Company might at some undetermined time in the future elect to take. Such a taking goes far beyond any interest in the minerals and amounts to a naked option in so far as it exceeds the interest which might be connected with the mineral estate. The reservation to repurchase, therefore, violates the common law rule against perpetuities.

We find no reversible error in the trial court's determination. The judgment and decree is therefore affirmed.

Mr. Chief Justice Hall and Mr. Justice Moore concur.