203 So.2d 522 (1967)
Walter WARREN and Sara Warren, His Wife, Appellants,
v.
CITY OF LEESBURG, a Municipality in Lake County, Florida, Appellee.
No. 67-168.
District Court of Appeal of Florida. Second District.
November 1, 1967.
*523 D.J. Bradshaw, of Bradshaw & Edwards, Inverness, for appellants.
J.R. Wells and Joel R. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee.
PIERCE, Judge.
This is an appeal by Walter Warren and Sara Warren, his wife, appellants herein, two of the defendants in the Court below, from a final decree entered against them in a suit brought by the City of Leesburg for relief growing out of certain real property transactions theretofore had between the City and Walter Warren.
There was a former interlocutory appeal from a procedural order in this same case. City of Leesburg v. Knight, Fla.App. 1964, 164 So.2d 547. The subject matter of the suit and the nature of that appeal is succinctly set forth in the first paragraph of this Court's former opinion, as follows:
"This suit has been instituted against certain defendants, including Defendant Warren and his wife, and certain of their grantees, because of certain transactions between the appellant municipality and Warren, both prior to and during the period in which he served as appellant's city attorney. The purpose of the suit is to obtain specific performance of a repurchase option reserved by appellant in a deed to Warren before he became city attorney, to set aside certain transactions between the City and Warren which allegedly took place while he was city attorney, to obtain an accounting from him, to quiet title to real estate and for general equitable relief. In answer to an amended complaint Defendant Warren filed an amendment to written defenses of more than forty pages. The lower court denied plaintiff's motion to strike Warren's forty-fifth defense and plaintiff filed this interlocutory appeal."
The "forty-fifth defense" set forth that the "case was not brought in good faith but was brought with vengeance for the purpose of embarrassing the defendant Walter Warren and for selfish and ulterior purposes", and also that "the City recently purchased from one of its own commissioners real property of considerable value but has declined to exercise its legal rights in that case as it is attempting to in this case". The Chancellor held said defense good but this Court reversed, holding that the motives of the City official in this type suit were immaterial, also that it was of no consequence that the City saw fit to take no action in a similar transaction not "connected in any way with the transaction between Warren and the City".
With said "forty-fifth defense" stricken, the case proceeded to trial in the lower Court. Voluminous testimony was adduced and many exhibits were offered in evidence. Personal animosities and vituperative bitterness figuratively seeped from the printed pages of the record. Such unpleasant situation should not be further belabored by a lengthy opinion here. We have examined the record, including the testimony taken before the Chancellor, Hon. Carroll W. Fussell, and the exhibits submitted in evidence, and also the detailed Findings of Fact made by the Chancellor and his subsequent final decree based upon such findings. The Findings of Fact are clearly stated and are amply supported by competent, substantial evidence, and we adopt such findings of the Chancellor as a part of this opinion as follows:
"This is a suit in equity and the relief sought by the plaintiff, City of Leesburg, is as to two parcels of land. It seeks to enforce a repurchase agreement as to 80 acres of land set forth in a deed from the City of Leesburg to P.M. Cate and the defendant, Walter Warren. This 80 acres of land is now owned by the defendant, Walter Warren, and by the defendants, S.N. Knight and his wife. It is subject to a mortgage from Walter Warren and wife to the Mutual Life Insurance Company of New York and to a mortgage from S.N. Knight and wife to Walter Warren. The suit also seeks to cancel and have declared void a *524 deed from the City of Leesburg to Walter Warren conveying 21 acres, and to have the City's title quieted as to the present owner of said 21 acres, the defendant, Michael N. Terranova, as Trustee. This 21 acres is now owned by the defendant, Michael N. Terranova, as Trustee.
"As to the first 80-acre parcel, the defendant, Walter Warren, contends that the repurchase provision was illegally and improperly placed in said deed, without the knowledge, consent or agreement thereto of the grantee, P.M. Cate, or of himself. Defendant Warren further contends that any rights the plaintiff City might have had under the repurchase provision were lost by reason of a quit claim deed from the City of Leesburg to Walter Warren, describing this 80 acres of land, among other land, and delivery some 14 years later. Defendants, S.N. Knight and wife, claim that they are innocent purchasers without notice, made after the recording of the quit claim deed referred to above, and further that they have made considerable improvements on the land after their purchase.
"The plaintiff City contends that the quit claim deed was illegally obtained without any resolution of the City Commission. It further contends that said deed was without consideration and was made to Walter Warren, who at the time was City Attorney for the City and which fact it is alleged was known by the defendants, S.N. Knight and wife.
"The Court finds from the evidence that the deed from the City of Leesburg to P.M. Cate and Walter Warren to the 80 acres in question was dated March 1, 1944, and that some time thereafter Walter Warren purchased the interest of P.M. Cate in said land, and on November 13, 1951, mortgaged said land to the Mutual Life Insurance Company of New York. The court finds that the quit claim deed from the City of Leesburg to Walter Warren to this 80 acres of land was dated November 11, 1958, and that thereafter Walter Warren conveyed this land to the defendants, S.N. and Claire B. Knight by deed dated February 16, 1959. The court finds from the evidence that the defendant, Walter Warren, was not attorney for the City of Leesburg at the time of the purchase of this land in March, 1944, but became attorney for the City of Leesburg on June 14, 1948, and continued in this capacity as City Attorney for the City of Leesburg until July 31, 1959.
"The evidence is conflicting as to whether or not the defendant, Walter Warren, had knowledge of the repurchase provision in the deed to P.M. Cate and himself, but he unquestionably had constructive notice of this repurchase agreement at the time of his purchase of one-half interest in the property from P.M. Cate; that the deed was placed on record on March 28, 1944. This purchase from P.M. Cate was made prior to November 13, 1951, as that is the date the property was mortgaged to the Mutual Life Insurance Company of New York. Apparently the repurchase agreement was not objected to by this mortgagor.
"The evidence further shows that prior to the purchase of the property by the defendants S.N. Knight and wife they had the title examined and found the repurchase agreement and objected thereto. The quit claim deed from the City of Leesburg to Walter Warren, which he claims was given to extinguish the repurchase agreement, is dated November 11, 1958, was recorded January 7, 1959, and the deed from the defendant, Walter Warren, to S.N. Knight and wife is dated February 16, 1959.
"The defendant, Walter Warren, is an attorney of outstanding ability and knowledge of real estate titles. It is difficult for the court to visualize his purchase of the one-half interest of P.M. Cate without checking the title as of that date, in which event he would have learned of the repurchase provision, and in any event, this purchase gave him constructive notice of the existence of the repurchase provision. However, according to the evidence, nothing was done about this until about the year 1952 after he had been City Attorney for *525 some four years, and at that time the City Commission refused to quit claim back the property to extinguish this repurchase provision, and the defendant Warren did nothing further about this until 1958, when he obtained the quit claim deed.
"There is no evidence that any resolution was passed by the City Commission for the execution or giving of the quit claim deed and that it was given without consideration at a time when the defendant, Walter Warren, was attorney for said City.
"The defendant, S.N. Knight, had knowledge of this repurchase provision against this property prior to his purchase of the property, and it was encumbent on him to see that the deed was legally issued after proper resolution; also, the defendant, S.N. Knight, had knowledge that the defendant, Walter Warren, was attorney for the City of Leesburg at the time of the execution of the quit claim deed.
"The defendant, S.N. Knight, claims that considerable improvements were made on the property, but testified that he owned several hundred acres of land in this location, many of which were received from the defendant, Walter Warren, which were not covered by the repurchase agreement. He does not know exactly where the improvements were made or what portions of the above lands were improved or the value thereof, so that this court is unable to determine the extent of same.
"It is the opinion of this court that the repurchase agreement as to the 80 acres of land involved in this parcel is valid and that the interest of defendants S.N. Knight and Claire B. Knight, his wife, and the mortgage interest of the Mutual Life Insurance Company of New York, is subject to this repurchase agreement.
"As to the 21 acre parcel, the defendant Walter Warren, became the owner of this property by reason of a quit claim deed from the City of Leesburg dated May 16, 1957, recorded May 28, 1957, which was acquired by reason of an exchange of properties in which the defendant Walter Warren and others conveyed to the City of Leesburg a 20-acre parcel of land in the 80 acres referred to in the first parcel and the tips of two air port runways containing approximately in all 21 acres, which deed is also dated May 16, 1957, and was recorded on June 4, 1957.
"The Court finds that thereafter on January 16, 1959, this 21 acres was conveyed by the defendant, Walter Warren, and wife, to the defendant, Michael N. Terranova, as Trustee, who at this time gave back to the defendant Walter Warren a purchase money mortgage on said land.
"Considerable other and adjacent lands were purchased by Michael N. Terranova, as Trustee, from the defendant, Walter Warren, and were included in this same deed, but title to which is not involved in this litigation.
"Prior to the purchase of said land by Michael N. Terranova, as Trustee, and on October 27, 1958, a resolution was passed by the plaintiff, City of Leesburg, authorizing a survey of a right-of-way through City lands to the property purchased by the defendant Terranova.
"The court finds from the evidence that the defendant Terranova knew that the defendant Walter Warren was attorney for the City of Leesburg at the time he acquired title to the 21 acres by exchange, and at the time of the passing of the resolution for the road referred to, and also at the time of the deed from Walter Warren to Terranova conveying this land.
"The court finds that the deed from the City of Leesburg conveying the land to Walter Warren was signed by Walter Warren as City Attorney, and, of course, showed on its face that the land was being conveyed to him as grantee.
"It is the opinion of this court that the conveyance of the lands as involved in this trade by the City to the City Attorney under the facts as found and above described *526 was against public policy and should be set aside.
"The court finds that the defendant Terranova owns considerable other land adjacent to this 21 acres and containing much larger acreage. The court finds that no improvements have been made on the 21 acres and that payment on the mortgage to the defendant Walter Warren has been suspended.
"The Court further finds that any interest of the defendant Terranova in said lands is subordinate to the rights of the plaintiff, City of Leesburg.
"It is, therefore, the opinion of this court that an appropriate decree should be prepared, providing for the repurchase by the plaintiff City of the 80 acres referred to in the first parcel, and providing for the cancellation of the deed from the City to Walter Warren as to the 20-odd acre parcel, and quieting of the title of the City to such parcel as against the defendant Terranova."
The final decree subsequently entered followed the directions indicated in the last paragraph of the Findings, and disposed of all issues made by the pleadings and before the Court at final decree.
Thereafter, defendants Warren, by petition for rehearing, claimed for the first time that the repurchase option clause in the original deed from the city was void as violative of the rule against perpetuities and also the rule against restraint upon alienation. The petition for rehearing was later denied by the Court without comment. We therefore could not hold the Chancellor in error even if the point was well taken, because it was obviously not raised within time.
We might mention, however, at the risk of being obiter, that the point would have probably been untenable. The option clause which the City reserved to itself did not restrain alienation by the grantee Warren of what was deeded to him. He could always thereafter have conveyed what he took by the deed, and subsequent mesne conveyances have done likewise.
Also, the weight of authority holds that a mere option to purchase land (or repurchase land) does not vest the holder of such option with any interest, legal or equitable, in the land itself. Such is strictly a contractual right, not a property right, while the rule against perpetuities is a rule of property rather than a rule of contract.
Moreover, the repurchase option was an integral part of the original transaction here involved, and it would be inequitable for the defendant grantees to claim the property under the deed from the City and at the same time seek to annul the essential terms of its acquisition. If the option should go out, so must the deed which induced it, and the result, therefore, would be the same whether the claim of invalidity of the option clause be upheld or rejected.
There is also grave doubt in our opinion as to whether or not public bodies such as incorporated municipalities are included within the ban of the rule against perpetuities. Perpetual charitable trusts are not subject to the rule. While not strictly analogous, property owned by a City is in a very real sense so owned and held for the benefit of the public. If perpetual charitable trusts are not "within the spirit of the rule" it would seem that by the same reasoning a public body would be in the same category. However, it is a point of first impression, not only in Florida but apparently the United States, and we make no definitive decision thereon, especially as it is unnecessary for disposition of this appeal.
From what has been hereinbefore said, it follows that the decree appealed from must be and is hereby 
Affirmed.
LILES, C.J., and HOBSON, J., concur.