**CROSSROADS SHOPPING CENTER, a California general partnership, Petitioner,**

v.

**MONTGOMERY WARD & CO., INC., Respondent.**

No. 80SC175.

Supreme Court of Colorado, En Banc.

Dec. 21, 1981.

Rehearing Denied Jan. 11, 1982.

Holland & Hart, Richard G. Caldwell and Jeffrey C. Pond, Denver, for petitioner.

Law Office of John E. Walberg, John E. Walberg, Denver, Pryor, Carney & Johnson, P.C. Thomas L. Roberts, Englewood, for respondent.

HODGES, Chief Justice.

We granted certiorari to review *Montgomery Ward & Co., Inc. v. Crossroads Shopping Center*, Colo.App., 620 P.2d 40 (1980), in which the court of appeals reversed a summary judgment of the trial court which held that an option provision in a shopping center lease was unenforceable by the tenant because it violated the rule against perpetuities. We uphold the reversal and therefore affirm the judgment of the court of appeals.

The plaintiff-respondent, Montgomery Ward & Co., Inc. (Montgomery Ward) and the predecessor in interest of the defendant-petitioner, Crossroads Shopping Center (Crossroads), entered into a shopping center lease agreement on June 16, 1961. The lease agreement was initially for a term of twenty-five years, commencing on March 14, 1963. In addition to Montgomery Ward's lease of a certain portion of the shopping center, it was given the option to acquire additional retail floor space pursuant to the option clause set forth in pertinent part as follows:

> "At any time within ninety (90) days after the fifth, tenth, fifteenth, twentieth or twenty-fifth anniversary of the commencement of the term of this lease when 'net retail sales' ... for each of two (2) successive lease years in the preceeding [sic] five (5) lease years · have exceeded FOUR MILLION AND NO/100 DOLLARS ($4,000,000.00), the Tenant may request the Landlord to furnish not in excess of fourteen thousand (14,000) square feet ... of additional retail sales space ... within the area designated as 'Retail Expansion Area' ... on Exhibit A hereto, subject, however to the express condition that at the time the Tenant makes such request ... the Tenant shall have exercised sufficient options ... so that at least nineteen (19) years and nine (9) months remain in the unexpired portion of the original term of this lease as extended...."

On June 9, 1978, Montgomery Ward requested additional retail floor space as provided in this option clause. For purposes of this action, the conditions for exercising this option existed. However, Crossroads' predecessor in interest, and subsequently Crossroads, refused to lease the additional retail floor space. Consequently, Montgomery Ward initiated this action in the trial court for specific performance.

Crossroads' predecessor in interest, and subsequently Crossroads, defended on various grounds, one of which was that the option clause violated the rule against perpetuities. It was on this ground that the

trial court granted a summary judgment motion in favor of Crossroads and thus rendered the option clause unenforceable. The court of appeals reversed this judgment. We affirm, and hold that separable options are involved and that applicability of the rule against perpetuities is limited to those options in this option clause which may not vest within twenty-one years, *i.e.*, which must be exercised beyond the period. VI *American Law of Property* § 24.56 (1974). *See also* footnotes contained in *American Law of Property* § 24.56 (1977 Supp.).

The longstanding rule against perpetuities provides that no interest in real property is valid unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. *Perry v. Brundage*, Colo., 614 P.2d 362 (1980); *Rocky Mountain Fuel Co. v. Heflin*, 148 Colo. 415, 366 P.2d 577 (1961); *Barry v. Newton*, 130 Colo. 106, 273 P.2d 735 (1954); *Smith v. United States National Bank of Denver*, 120 Colo. 167, 207 P.2d 1194 (1949). The threshold question in this case is whether the rule against perpetuities applies to this option clause which purportedly gave Montgomery Ward the right to lease additional retail space in the shopping center.

An option to purchase real property is generally subject to the rule against perpetuities. *Perry v. Brundage, supra; Rocky Mountain Fuel Co. v. Heflin, supra.* The rule has generally been held not to apply, however, to the situation where a lessee has been given an option to purchase the leased property, or to extend the lease for an additional period. *Restatement of Property* § 395 (1944); VI *American Law of Property* § 24.57 (1980); *Simes & Smith, The Law of Future Interests* § 1243 (1956). The rationale for the non-applicability of the rule in these instances is expressed in comment (a) of *Restatement of Property*, § 395 (1944), to the effect that a lessee needs to be able to plan for the future and "to get the benefits of full utilization of the land during his lease term."

Where a lessee, however, seeks to exercise a lease option to acquire, whether by purchasing or leasing, additional premises, the endorsed rationale of facilitating the highest and best use of the property cuts against the lessor's interest in utilizing the land. *See generally Powell, Real Property* § 771[2] (1980). It is the lessor who may perhaps hesitate to improve the property, facilitating its highest and best use, knowing that the lessee might exercise such option. The free alienability of this property is affected and the lessor's ability to commit the affected property to its highest and best use is significantly reduced. A fundamental purpose of the rule against perpetuities therefore applies, and consequently, so ought the rule. *Atchison v. City of Englewood*, 170 Colo. 295, 463 P.2d 297 (1970); *Barry v. Newton, supra; Restatement of Property* Div. IV, Part 1, Introductory Note (1944). *Accord Rocky Mountain Fuel Co. v. Heflin, supra; Melcher v. Camp*, 435 P.2d 107 (Okl.1967).

We must next determine whether the option clause in Montgomery Ward's lease violates the rule against perpetuities. The applicable period in this case, before which the interest created by the option must have vested, is twenty-one years. There is no life in being involved in this lease agreement. A corporation may not serve as a life in being since such an entity has potential perpetual life which would frustrate a basic purpose of the rule against perpetuities. *Restatement of Property* § 374 comment h (1944); III *Powell, Real Property* ¶ 766[2] (1980). *See also United Virginia Bank Citizens & Marine v. Union Oil Co. of California*, 214 Va. 48, 197 S.E.2d 174 (1973). Applying general rules of construing the rule against perpetuities, *see generally III Powell, Real Property* ¶ 765[1] (1980), we must therefore determine whether the interest created by the option clause must have vested by exercise of the option not later than twenty-one years after the interest was created, which is the date the lease agreement was executed.

In order to resolve this issue, the following fundamental question must be

answered: Did the option clause of the lease agreement create one unified option, exercisable on the quintennial anniversary dates of the lease, or were five separate options created? Clearly, if one unified option was created the rule against perpetuities is violated because the option might not have been exercised until after the twenty-one year period had expired. The provision for exercise of the option at either the twentieth or twenty-fifth anniversary dates violate the twenty-one year limitations period, (the twentieth year anniversary date of the commencement of the term of the lease will be twenty-one years, eight months after the lease agreement was actually executed.) If five separate options were created, however, the doctrine of separability might validate those options which would not violate the rule against perpetuities.

The provision of the lease creating the option to acquire additional retail floor space provides that: "[a]t any time within ninety days after the fifth, tenth, fifteenth, twentieth, or twenty-fifth anniversary of the commencement of the term of this lease . . . [Montgomery Ward] may request . . . additional retail sales space. . . ." This provision is ambiguous. The disjunctive word "or" may support a construction that either one unified option was created, exercisable at one of five periods, or that five options were actually created, only one of which could have been exercised. The clause does, however, expressly provide that in all events an option was conferred upon Montgomery Ward to acquire additional retail floor space, provided specified contingencies were satisfied, and the option was exercised on a quintennial anniversary of the commencement of the term of the lease. The original parties obviously intended that Montgomery Ward would have the right to extend its floor space at a future date. This intent should be honored and relevant lease provisions should, where valid, be construed to give effect to the intent of the parties to the lease agreement. We construe the language of this provision to create five options, one exercisable after five years, one exercisable after ten years, etc. *See generally Corbin, Contracts* § 538 (1960). *See also Restatement of Property* § 375 (1944).

■■■ We must next determine whether these options are separable. Recently this court expressly endorsed the doctrine of separability set forth in the *Restatement of Property* § 376 (1944). *See Perry v. Brundage, supra.* In order for the rule of separability to apply, two or more distinct limitations, *i.e.*, events, must be set forth in the dispositive provision of the effectuating document. *Restatement of Property* § 376e (1944). The rule then applies: "the validity of each separate limitation is determined separately under the rule against perpetuities." *Restatement of Property* § 376.

The passage of multiple quintennial periods of time, as set forth in the provisions of the lease creating the option rights, creates five distinct and separate events. While the passage of time alone is perhaps one event, the successive occurrence of distinct five-year periods constitutes a series of separate events for purposes of the rule against perpetuities. Therefore, those options which must have been exercised within the period of the rule against perpetuities are valid; those which would not have to be exercised within the period of the rule are void.[1]

The options exercisable at the fifth, tenth, and fifteenth anniversary dates of the commencement of the term of the lease are valid. These options had to be exercised within ninety days of the quintennial anniversary dates which fell within the twenty-one year limitations period. The

---

1. This is not an application of the "wait and see" doctrine. "Wait and see" delays a determination of the validity of an interest by waiting to see whether an interest actually vests within the period of the rule against perpetuities rather than determining whether, prospective from the date the interest is created, the interest might vest outside the period of the rule. *See generally Restatement (Second) of Property* Tentative Draft No. 2 (1979). Separability does not necessitate a delayed determination of what actually occurs but rather considers prospectively what might occur.

options exercisable at the twentieth and twenty-fifth anniversary dates were for the same reason void.

 Crossroads asserted during oral argument that the fifteenth year option actually violates the twenty-one year perpetuities period on the basis that the actual lease term of the newly acquired retail floor space would not commence until the improvements required by separate provisions of the initial lease agreement had been completed, and Montgomery Ward took actual possession of the premises. Crossroads argued that the delays which might result could render the time of possession of this additional floor space beyond the twenty-one year period of the rule against perpetuities. The flaw in this reasoning is that the commencement of the lease term of the newly acquired floor space is not the date Montgomery Ward acquired a vested interest in this property. Rather, the date the option is exercised is the date an equitable interest in the property vests for purposes of the rule. The mutually agreed upon architectural plans, construction or remodeling, etc., which are required by the lease, are conditions subsequent to the exercise of the option. They do not affect Montgomery Ward's right to lease this property.

Accordingly, we affirm the judgment of the court of appeals.