The CAMBRIDGE COMPANY, a general partnership, and Thomas M. Hallin, and Carl E. Hallin, individually and as general partners of the Cambridge Company, Plaintiffs-Appellees,

v.

EAST SLOPE INVESTMENT CORP., a Colorado corporation, Donald Q. Burgett and Dolores E. Burgett, Defendants-Appellants.

No. 80CA0973.

Colorado Court of Appeals, Division 2.

April 28, 1983.

Rehearing Denied May 26, 1983.

Certiorari Granted Oct. 31, 1983.

Pred & Miller, David A. Bottger, Denver, for plaintiffs-appellees.

Criswell, Patterson, McNamara, Myles & Bell, John A. Criswell, Englewood, for defendants-appellants.

PIERCE, Judge.

Defendants, East Slope Investment Corporation (East Slope) and Don and Dolores

Burgett (Burgetts), appeal the trial court's judgment which set aside East Slope's conveyance of real property to Burgetts, and further ordered East Slope to convey the property in question to plaintiffs the Cambridge Company (Cambridge). We reverse.

On September 6, 1978, East Slope and Burgetts entered into a contract for the sale and purchase of a condominium unit. This transaction was governed by certain restrictive covenants found in the condominium declaration of which Paragraph 29(i), specifically at issue here, reads:

"In the event an owner of a unit desires to sell such unit or receives a bona fide offer for such sale, the unit shall be offered to the remaining owners who shall have *a first right to purchase* such offered units for the same terms and conditions as the bona fide offer. Notice of such bona fide offer shall be given to the Ten Mile Creek Condominium Association which shall be responsible to notify the remaining unit owners of such offer by mailing notice to the remaining owners. The remaining owners shall have five days from the date of such mailing to accept such offer, and if not accepted, the sale may be made to such third party offeree." (emphasis added)

By the terms of the condominium association declarations, this particular restrictive covenant is a covenant running with the land, deemed to be a burden and benefit to the Ten Mile Creek Condominium Association (Association), a joint venture, its successors and assigns, and any person acquiring or owning an interest in the real property and improvements, "[t]heir grantees, successors, heirs, executors, administrators, devisees or assigns."

Under the terms of Paragraph 29(i), notice of the September 6 agreement was given to the Association by East Slope. An agent of the Association gave notice to all other owners, and within five days of this notice, Cambridge gave notice that it was exercising its right of first refusal with regard to the sale of the unit in question. Nevertheless, East Slope proceeded with the sale of the unit to the Burgetts, closing

the transaction on September 27, 1978. This lawsuit, asking that the conveyance be set aside and for monetary damages, followed.

After trial to the court, the trial court found that Paragraph 29(i) is valid, and does not violate the rule against perpetuities. It further found that this paragraph does not constitute an undue restraint or restriction on alienation of property. The court then entered judgment for specific performance of the conveyance of property to Cambridge and set aside the conveyance between East Slope and Burgetts. The trial court's refusal to award certain monetary damages is not at issue here.

## I.

The principal issue before this court is whether Paragraph 29(i) is void as violative of the rule against perpetuities. We disagree with the trial court and hold that the restrictive covenant at issue here both violates the rule against perpetuities and constitutes an undue restraint on the alienation of property.

The classic statement of the rule against perpetuities, as set forth in *Perry v. Brundage,* 200 Colo. 229, 614 P.2d 362 (1980), is:

" 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' "

The recognized purpose of the rule is to insure that the freely alienable character of the property is preserved. *Atchison v. City of Englewood,* 170 Colo. 295, 463 P.2d 297 (1969); *Barry v. Newton,* 130 Colo. 106, 273 P.2d 735 (1954). Upholding the integrity of the rule when applied to options and pre-emptive rights which restrain the transfer of condominium units has been the subject of much commentary and discussion. *See, e.g.,* Boyer & Spiegel, *Land Use Control: Pre-Emptions, Perpetuities, and Similar Restraints,* 20 *Miami L.Rev.* 148 (1965); Browder, *Restraints on the Alienation of Condominium Units (The Right of First Refusal),* 1970 *Ill.L.F.* 231 (1970). While we have found no authority in this

jurisdiction pertaining to this narrow sector of inquiry, we believe the general law of this state regarding such pre-emptive rights will suffice.

In this connection, we are persuaded that the encompassing rules regarding pre-emptive rights as set forth in *Atchison v. Englewood, supra,* in conjunction with *Parry v. Walker,* 657 P.2d 1000 (Colo.App.1982), are dispositive of the issue presented here.

As indicated in *Atchison,* we must examine not only the inheritability of the pre-emptive right itself, as a traditional formulation and application of the rule would have us do, but we must also examine the reasonableness of the restraint itself. In *Atchison,* the Colorado Supreme Court struck down a pre-emptive right as contrary to the rule because it was unconnected to the property in question, and was an inheritable pre-emptive right without limit as to the time of its applicability. The court reasoned that ascertaining and locating the owners of the pre-emptive right would be an unreasonable task, and that, therefore, the pre-emptive right in question was invalid because it had created a "sufficiently unreasonable restraint upon the transferability of property."

Cambridge would have us adopt dicta from that case which states as follows:

"Our conclusion might be different here if the ownership of the pre-emptive right followed the title to designated real property; or, if it were restricted to a limited term found to be reasonable, albeit longer than a life in being plus twenty-one years."

At first blush, it would appear that the facts before us would trigger application of this dicta because the pre-emptive right here is a restrictive covenant which either runs with the land, or, in *Atchison* terminology, may be described as connected with the property in question.

*Atchison,* however, goes on to state as its ultimate ruling that:

"We rule merely that a contractual right granted to [a contracting party] and his heirs and assigns, unlimited as to time, to purchase land upon the same terms as the owner could or would sell to a third person, is void."

In *Parry v. Walker, supra,* our court discussed pre-emptive options of unit owners in condominiums, and held that such rights are founded in contract, and that general principles of contract apply. Here, we have pre-emptive options which are contractual in nature. We thus conclude that application of general principles of contract law is appropriate to the disposition of this case, and that the rule against perpetuities does apply to the form of pre-emptive right at issue here.

 The right at issue, if valid, would create an interest in land subject to a condition precedent. That condition precedent is the owner's sale of the property. The sale need not occur, if at all, within the period of the rule. Where a pre-emptive right is inheritable without a time limit, the fact that the pre-emptive right follows title to the designated real property does not render the interest valid. The determinative factor is not whether the interest is pertinent to another vested interest, but whether the time of vesting is within the rule. Here, an attempt to create a future interest contingent upon an event which may never occur, is rendered void, *ab initio,* by the rule against perpetuities because the time of vesting does not occur within a period of time specified in the rule. *Rocky Mountain Fuel Co. v. Heflin,* 148 Colo. 415, 366 P.2d 577 (1961); *Perry v. Brundage, supra.*

We therefore conclude that the right of first refusal exercised by Cambridge is void as violative of the rule against perpetuities.

## II.

We also conclude that our holding in this case correctly reflects the legislative intent which underlies the Colorado "Condominium Ownership Act," § 38–33–101 et seq., C.R.S.1973.

 A review of the legislative history of the Act discloses that the initial draft stated:

"It is expressly provided that the rule of property known as the rule against perpetuities and the rule of property known as the rule restricting unreasonable restraints on alienation and any rule or law which would limit or terminate the authority and power of any attorney in fact shall not be applied to defeat any of the provisions of any declaration, bylaw, or other document creating or establishing a project containing condominium units relating to (1) the restrictions upon partition, and (2) the methods by which the condominium units are disposed of, or (3) the methods by which the character of ownership thereof is changed in the event of destruction or obsolescence."

The Committee on the Judiciary struck the language of this draft concerning methods by which condominium units are disposed. Senate Journal, March 13, 1963, at 464–467. The Committee's amendment to the bill was adopted by the General Assembly. *See* § 38–33–105(1), C.R.S.1973. The act was passed, only after pre-emptive rights arising upon the transfer of a unit were considered and the exemption from the rules against perpetuities and restraints on alienation was rejected, thus unequivocally articulating the legislative intent.

Since it was not raised in the trial court, we do not address the potential for such pre-emptive rights to be exercised for discriminatory purposes as a basis for the General Assembly striking the exemption. *But see* Note, *Right of First Refusal—Homogeneity in the Condominium,* 18 *Vand.L. Rev.* 1810 (1965).

The judgment is reversed and the cause is remanded with directions to enter judgment for defendants.

TURSI, J., concurs.

COYTE, J.,* dissents.

COYTE, Judge, dissenting:

I dissent. The rule against perpetuities has no application to the facts in this case, and there is no direct or indirect restraint upon alienation. Here, the majority makes its own finding of fact on alienation. The members of the association who could elect to purchase the property have no right or power to affect the subject property in any way, until the owner expresses a desire and willingness to sell. The marketability of the property is not affected. When the owner desires to sell his property, the association, or one of its members, has for the contract duration, a period of five days, the first right to buy.

If the pre-emptive holder elects to purchase the property, a new contract is signed which will give him an interest in the land. If there is no election to purchase, this does not release a property interest. The pre-emptive holder merely has the contract right of first refusal. *See Robroy Land Co., Inc. v. Prather,* 95 Wash.2d 66, 622 P.2d 367 (1980).

*Atchison v. City of Englewood,* 170 Colo. 295, 463 P.2d 297 (1969) neither mandates nor supports the majority's position. There, Englewood, in purchasing water and desiring to enhance its position so that it could change the point of diversion of the water, also purchased the real property with the Atchisons reserving a one-half interest in the minerals and retaining a right of first refusal to repurchase the real estate. The court reasoned that if the Atchisons sold their mineral interest, it might become impossible to locate them and give them notice of a possible sale, so that they would be able to determine whether they desired to exercise their right of first refusal. For that reason, the Court held that the right of first refusal to repurchase was void.

There is no such problem here. The owner of the property desiring to sell would only have to give notice to the Association, who would then have the responsibility to notify the remaining owners who would have only five days from the date notice was mailed to elect to purchase the property.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

The purpose of the rule against perpetuities will not be served if the majority opinion is allowed to stand. The exercise of the pre-emptive right to purchase is a contract right, while the rule against perpetuities is a rule of property, rather than a rule of contract. *Warren v. City of Leesburg,* 203 So.2d 522 (Fla.App.1967). As stated in 4 *Restatement of Property,* § 413 (1944) (comment on subsection 1):

"The interference with alienation present in a requirement that a designated person be afforded a reasonable opportunity to meet any offer received from a third person by an owner desirous of selling is so slight that the major policies furthered by freedom of alienation are not infringed to a degree which requires invalidation. Under these circumstances, the buyer has two potential buyers at the same price and is assured of a reasonable, prompt culmination of the sale. Such restraints are, therefore, valid."

For these reasons, I would affirm the judgment.